UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANA FREEDMAN,

    Plaintiff,

v.                                                       Case No:   6:15-cv-1657-Orl-41TBS

SUNTRUST BANKS, INC. and
SUNTRUST MORTGAGE, INC.,

    Defendants.

## ORDER

This case comes before the Court on Defendants' Motion to Seal Exhibit "C" to Defendants' Response in Opposition to Plaintiff's Motion for Extension of Time (Doc. 104). Defendants' opposition includes excerpts from Plaintiff's deposition (Doc. 99-3). Plaintiff has informed Defendants that she intends to designate portions of that testimony "confidential," as provided in the parties' confidentiality agreement (Doc. 104, ¶¶ 3-5). However, Plaintiff has not made her designations and therefore, to comply with their obligations under the confidentiality agreement, Defendants are asking the Court to seal all of the testimony.[1] (Id., ¶¶ 4-5). Defendants suggest that once Plaintiff makes her designations some less restrictive means, such as redaction may become available. Defendants bring their motion pursuant to M.D. Fla. Rule 1.09 which sets out this district's requirements for filing under seal. Plaintiff does not oppose the motion (Id., ¶ 7).

Plaintiff's intent to designate some of her deposition testimony confidential is not a meritorious ground to seal the deposition excerpts. The parties' agreement to seal court

---

[1] The only specific information Defendants have is that Plaintiff intends to designate the identity of her minor child confidential (Doc. 104, ¶ 6). The child's identity is not revealed in the excerpts of the deposition transcript that have been filed.

documents "is immaterial" to the public's right of access to court proceedings. Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992). "'The operations of the courts and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)).   This right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311. Where, as here, the parties are litigating "'pretrial motions of a nondiscovery nature,'" "'there is a presumptive right of public access'" to the motions and all papers filed in support or opposition of the motions. Romero, 480 F.3d at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Id., 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313).   In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246.   Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific

factual findings.'" (quoting <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original))).

The only good cause for Defendants' motion is their desire to fulfill their obligations under the parties' confidentiality agreement. Defendants' position is understandable, but does not satisfy the good cause requirement. Accordingly, the motion to seal is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record