UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANA FREEDMAN,

    Plaintiff,

v.                                                                                             Case No:   6:15-cv-1657-Orl-41TBS

SUNTRUST BANKS, INC. and
SUNTRUST MORTGAGE, INC.,

    Defendants.

## ORDER

This case comes before the Court on Plaintiff's Unopposed Motion for Leave to File Documents under Seal in Support of Motion to Compel (Doc. 115), and Defendants' Expedited Motion to Remove Docket Entry 116, Defendants' Opposition to Plaintiff's Motion to Amend/Correct Complaint, from Public Availability on Pacer (Doc. 118).   The motions are due to be denied.

The parties have entered into a Confidentiality Agreement which provides:

> To the extent necessary, all transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court during this action which have been designated by any party as "Confidential," pursuant to paragraph 2(c) above, and all pleadings and memoranda purporting to reproduce such protected information, shall be filed in accordance with the Court's procedure for filing documents under seal.   Unless otherwise indicated by the Court, no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

(Doc. 115 at 2).

Plaintiff intends to file a motion to compel which may cite and rely upon materials Defendants have produced in discovery and portions of deposition testimony that

Defendants have designated as confidential pursuant to the parties' Confidentiality Agreement[1] (Id.).  Plaintiff seeks leave of Court to file those materials under seal (Id. at 5).  Defendants have filed a response in opposition to Plaintiff's pending motion to amend/correct her complaint (Doc. 116).  Through inadvertence, they attached as Exhibit "C" to their response, portions of a deposition transcript which Plaintiff has designated as confidential (Doc. 118 at 1-2).  Defendants have filed a corrected response including a redacted Exhibit "C" (Doc. 117).  Now, they are asking the Court to remove Exhibit "C" to docket entry 116 from public availability on Pacer (Doc. 118 at 2).

"'The operations of the courts and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings."  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)).  This right "includes the right to inspect and copy public records and documents."  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).  When parties are litigating "'pretrial motions of a nondiscovery nature,'" "'there is a presumptive right of public access'" to the motions and all papers filed in support or opposition of the motions.  Romero, 480 F.3d at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'"  Id., 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313).  In balancing these interests "courts consider, among other factors,

---

[1] To date, Defendants have designated every document produced in discovery as confidential or highly confidential (Doc. 115 at 4).

whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246.  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

The parties' Confidentiality Agreement does not constitute good cause to seal, or remove from public view, information the Court is being asked to consider when ruling on pending motions.  As the Court explained in an earlier Order, "[t]he parties' agreement to seal court documents 'is immaterial' to the public's right of access to court proceedings." (Doc. 110 at 1-2 (quoting Brown v. Advantage Eng'g Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)).  Accordingly, both motions are **DENIED without prejudice**.  Any future motions to seal or remove information from public view should address the good cause standard and the balancing of the parties' and the public's interests in the information.

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2016.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record